**TUILEFANO VAELA`A, as CHAIRMAN
of the IMMIGRATION BOARD, Plaintiff,**

**v.**

**TAUESE P. SUNIA, GOVERNOR OF AMERICAN SAMOA,
TOETOGATA ALBERT MAILO, ATTORNEY GENERAL,
ROBERT PORTER, ACTING CHIEF IMMIGRATION OFFICER,
ELVIS PATEA, ASSISTANT ATTORNEY GENERAL, Defendants.**

High Court of American Samoa
Trial Division

CA No. 68-97

September 25, 1997

Before RICHMOND, Associate Justice, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala`ilima
For Defendants, Henry W. Kappel, Assistant Attorney General

## JUDGMENT OF CONTEMPT

The order made on September 4, 1997, requiring defendants Toetogata Albert Mailo ("Attorney General") and Robert Porter ("Acting Chief Immigration Officer") to show cause why they should not be held in

contempt of court for violation of the order entered on July 21, 1997, came regularly for hearing on September 17, 1997. The Attorney General and Acting Chief Immigration Officer were present with their counsel. Plaintiff Tuilefano Vaela`a ("Chairman of the Immigration Board") was also present with his counsel. The court heard testimony and has considered the evidence and counsel's argument.

## Discussion

1. The order entered on July 21, 1997, was duly and regularly made.

2. At all times since the making of the order, the Attorney General and Acting Chief Immigration Officer have had notice and knowledge of the order.

3. At all times since the making of the order, the Attorney General and Acting Chief Immigration Officer have had the ability to comply with the order.

4. The Attorney General and Acting Chief Immigration Officer have failed to comply with the order in the following particulars.

a. The order reads:

> During the pendency of this action or until further order of the court, each defendant, his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are enjoined from further implementing existing authorizations to remain and from processing additional applications for authorizations to remain in American Samoa to undocumented aliens under the Governor's amnesty program.

b. After the order was issued and entered, the Attorney General orally instructed the Acting Chief Immigration Officer and later Assistant Chief Immigration Officer Fuimaono Kolumane ("Kolumane") not to further implement the existing authorizations to remain in American Samoa already issued to more than 2,000 undocumented aliens under the Governor's amnesty program. Kolumane was assigned to issue various immigration documents to these aliens. The Attorney General did not specifically address verifications of immigration status routinely issued to support school enrollments and similar needs of aliens authorized to remain. The Acting Chief Immigration Officer, in turn, also instructed Kolumane in similar general terms.

c. Because of the Attorney General's and Acting Chief Immigration Officer's imprecise instructions, Kolumane issued 51 verifications of

immigration status to enable school enrollments of aliens already authorized to remain under the amnesty program. The Chairman of the Immigration Board discovered these clear-cut violations of the order on September 3, 1997, and the Attorney General and Acting Chief Immigration Officer were apprised of them in short order.

 d. The Attorney General heads the Department of Legal Affairs, which includes the Immigration Office as a division. He is responsible for his subordinates' compliance of the order. Likewise, the Acting Chief Immigration Officer is responsible for his subordinates' compliance with the order. The Attorney General and Acting Chief Immigration Officer were inexcusably neglectful in failing to provide full and accurate instructions about this order to their staff assigned to carry out immigration aspects of the amnesty program.

 5. The Attorney General's and Acting Chief Immigration Officer's inexcusable neglect constituted willful and contemptuous conduct in the context of the present situation. We need to send a message to public agency heads that they must fulfill their obligations and be abundantly careful in carrying out court orders applicable to their agencies' activities that affect public policies and interests.

## Order

 1. The Attorney General and Acting Chief Immigration Officer are in contempt of this court.

2. Imposition of punishment for the contempt is suspended on the condition that Attorney General, Acting Chief Immigration Officer, and their subordinates do not again violate the order during the pendency of this action.

3. This judgment of contempt will be purged when this case is finally closed, provided that the Attorney General and Acting Chief Immigration Officer have complied with the condition of suspending imposition of punishment.

It is so Ordered.